## PIERSON & HOUGH CO. *v.* NORET.

1. FRAUDULENT CONVEYANCES — INNOCENT PURCHASER — CORPORATE PROPERTY—SALE BY OFFICER—PROTECTION—STATUTE.

   Where the managing officer of a corporation sold, as his own, and received pay for, a stock of goods belonging to the corporation, there was, legally, no sale, and the purchaser was not a purchaser for a valuable consideration protected by section 9537, 3 Comp. Laws, though he acted in good faith and paid a valuable consideration.

2. SAME—ACQUIESCENCE OF OWNER—RIGHTS OF CREDITORS.

   The transfer being ineffective as to the rights of the creditors of the corporation, their rights were not affected by a subsequent discovery and acquiescence in the transaction by the stockholders of the corporation.

3. SAME—SALES IN BULK LAW—VIOLATION—EFFECT.

   The sale being of a stock of goods in bulk without compliance with the provisions of Act No. 223, Pub. Acts 1905, it was invalid as to the creditors of the corporation, assuming that there was an effective transfer of the title notwithstanding the manner of the sale.

Case made from Muskegon; Sessions, J. Submitted June 19, 1908. (Docket No. 122.) Decided September 15, 1908.

Garnishment proceedings by the Pierson & Hough Company against Edwin A. Noret as garnishee of the A. Alberts Hardware Company. There was judgment for plaintiff, and defendant appeals. Affirmed.

*C. B. Stevens*, for appellant.

*C. J. Chaddock* and *Alex. Sutherland*, for appellee.

OSTRANDER, J. The court below found, as matter of fact, that plaintiff is a judgment creditor of the A. Alberts Hardware Company, a mercantile corporation, and that defendant, Noret had in his possession, at the time of

service of the writ, property belonging to said corporation of the value of $1,000, and cash, arising from the disposition of other property of said corporation by Noret, to the amount of $225. He found that the stockholders and directors of the corporation were Abner Alberts, its secretary and the manager of its business, his wife, Catherine, president of the company, and John Murdock, who was employed in and about the business. Without action of the stockholders or directors, with the knowledge of all of them, without objection from any of them, and without compliance with Act No. 223, Pub. Acts 1905, a bargain, entered into in good faith by defendant, Noret, and evidenced by the writings here set out, was made and completed:

"MUSKEGON, MICH., August 17, 1906.
"To A. ALBERTS HARDWARE CO., Dr.
"Dealers in all kinds of Shelf Hardware,
"Farm Implements and Harness Goods.
"Citizens' Phone 475.                    46 Pine Street.
"For the consideration of twenty-four hundred and sixty and $\frac{30}{100}$ dollars, to me paid on delivery of this instrument of writing, I do hereby sell, and assign and deliver to E. A. Noret my hardware stock, consisting of all merchandise and fixtures, except the iron safe, situated on Pine street, Muskegon, Mich. This stock and fixtures is unincumbered.

"A. ALBERTS."

"MUSKEGON, MICH., August 17, 1906.
"To A. ALBERTS HARDWARE CO., Dr.
"Dealers in all kinds of Shelf Hardware,
"Farm Implements and Harness Goods.
"Citizens' Phone 475.                    46 Pine Street.
"This is to certify that I have this day bought A. Alberts' hardware in Muskegon, on Pine street. Consideration twenty-four hundred and sixty dollars $\frac{30}{100}$, of which fourteen hundred and seventy-seven dollars is paid in consideration of one livery stock this day turned over to A. Alberts, and six hundred dollars cash this day paid; the balance, three hundred sixty-one $\frac{30}{100}$ A. Alberts agrees to take in town lots situated in Noret's addition in the village of Hart, Michigan, at a fair valuation; A. Alberts to come to Hart and decide on the lots he will take by Sep-

tember 15, 1906.  The price of said lots shall be from 60.00 to 400 dollars, owing to location.

[Signed]   "E. A. NORET,
"A. ALBERTS."

The eleventh finding of fact, which appellant contends is not supported by any testimony, is:

"That the Alberts Hardware Company received none of the consideration given by Edwin A. Noret to A. Alberts for said property of the Alberts Hardware Company."

The conclusions of law are that the attempted sale was without authority, was never ratified by the corporation, was illegal and void as to creditors of the corporation; that Noret is liable in garnishment to the plaintiff.  It is doubtful if this court can say that the necessary inference from the testimony is not the one stated in the eleventh finding.  The corporation never had a meeting.  It does not appear that the corporation did not get the money which was paid.  It does appear that Abner Alberts acquired title to the real estate, and engaged in the new business for which the corporate property was exchanged. The fact is, in any event, one to be affirmatively shown by defendant if he relies upon it to support his title.  If we correctly understand the position of appellant, he is asserting ownership of the property formerly belonging to the corporation, the principal defendant.  He bases his title upon the paper writing herein set out, and estoppel of all of the stockholders, and so of the corporation, to dispute his right.  It appears to be admitted that he could not acquire title, good in this action, from the corporation itself unless there was a compliance with the provisions of Act No. 223, Pub. Acts 1905.  *Musselman Grocer Co.* v. *Kidd, Dater & Price Co.*, 151 Mich. 478; 3 Comp. Laws, § 10632.

Two propositions are laid down in argument.  The first proposition is that, because he is an innocent purchaser for value, defendant is protected in his title, as against creditors, both by common-law principles and by the ex-

press provisions of 3 Comp. Laws, § 9537. The second proposition is that the act of 1905, already referred to, has no application to such a sale as was made, or attempted. If there was, in fact, no sale of the goods by the corporation (the owner), defendant was not, in fact, a purchaser for a valuable consideration within the meaning of 3 Comp. Laws, § 9537. Property is not sold when one, not its owner, transfers it, as his own, to an innocent party, who pays a consideration. Neither the real owner nor his creditors are affected by such a transfer. And discovery of, and acquiescence in, the attempted sale by the owner will not take away rights of his creditors. In admitting, as he does, that the attempted sale was illegal, defendant admits that as to creditors he obtained no title to the property; admits the right of creditors of the owner of the property to attack and set aside the sale. When and how this right was lost, when and how his title became, as to creditors, a good title, is not made to appear, and is not evident. If there was, notwithstanding the manner of the sale, an effective transfer of the title of the property to defendant (and he contends that there was, affirms it, and asserts title to the property), it was a sale of a stock of hardware in bulk, void, as to creditors of the real vendor, because of noncompliance with the act of 1905.

The adoption of either of these theories requires affirmance of the judgment, and it is affirmed.

MONTGOMERY, HOOKER, MOORE, and McALVAY, JJ., concurred.